# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE WELLS,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>T. CAGLE, et al.,<br><br>　　　　　　　Defendants.<br>_____/ | CASE NO. 1:11-cv–01550-LJO-BAM PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING PLAINTIFF'S MOTION FOR ACCESS TO LAW LIBRARY<br><br>(ECF No. 13)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

　　　Plaintiff Andre Wells is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action was filed on July 29, 2011. On February 17, 2012, Plaintiff filed a motion for access to the law library. (ECF No. 13.)

　　　Plaintiff seeks a court order allowing him one hour of library access per week stating that he has been unable to meet court deadlines due to lack of access. Initially, the Court notes that this action is currently pending screening and there are have been no deadlines set that would require access to the law library.

　　　"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 376 (citation omitted) (emphasis added).

1 Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

The events at issue in this action occurred from 2010 through 2011, while Plaintiff was housed at Corcoran State Prison. Plaintiff is currently incarcerated at California State Prison, Solano, and the order sought is aimed at remedying his current conditions of confinement at that prison. The case or controversy requirement cannot be met in light of the fact that the issue Plaintiff seeks to remedy in his motion bears no relation, jurisdictionally, to the past events at Corcoran State Prison giving rise to this suit. Lyons, 461 U.S. at 102; 18 U.S.C. § 3626(a)(1)(A); also Summers v. Earth Island Inst., 129 S.Ct. 1142, 1148-49 (2009); Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 102-04, 118 S.Ct. 1003 (1998). Because the case-or-controversy requirement cannot be met, the pendency of *this* action provides no basis upon which to award Plaintiff injunctive relief. Id.

Accordingly, based on the foregoing, the Court HEREBY RECOMMENDS that Plaintiff's motion for access to the law library be DENIED.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's

///

///

///

1 Findings and Recommendations." Plaintiff is advised that failure to file objections within the
2 specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d
3 1153 (9th Cir. 1991).

4     IT IS SO ORDERED.

5 **Dated:**   February 22, 2012         /s/ **Barbara A. McAuliffe**
                                               UNITED STATES MAGISTRATE JUDGE