# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE WELLS, | CASE NO. 1:11-cv–01550-LJO-BAM PC |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT WHICH DEFENDANT HE WISHES TO PROCEED AGAINST IN THIS ACTION |
| v. | |
| T. CAGLE, et al., | (ECF No. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

## I. Screening Requirement

Plaintiff Andre Wells is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed a complaint on July 29, 2011, and on September 14, 2011, the action was transferred to the Fresno Division of the Eastern District Court (ECF No. 7.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing Bell

Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678-79, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949; Moss, 572 F.3d at 969.

## II.    Complaint Allegations

Plaintiff brings this action against Defendants T. Cagle, De La Cruz, J. Gonzalez, and A. Macias. Plaintiff alleges that on September 29, 2010, while housed at Corcoran State Prison, Defendant Cagle placed him in restraints and slammed his head against the wall of the building causing a severe head injury. (Compl. 3,[1] ECF No. 1.) Over a year later, on October 13, 2011, Plaintiff alleges that Defendant De La Cerda chilled his right to file grievances by slapping Plaintiff's personal property, a photo album, out of Plaintiff's hand and causing an abrasion while referencing the appeal Plaintiff filed against Defendant Cagle. (Id. at 4.)

## III.   Discussion

### A.    Excessive Force

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347, 101 S. Ct. 2392, 2399 (1981). The inquiry as to whether a prison official's use of force constitutes cruel and unusual punishment is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v.

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

1  McMillian, 503 U.S. 1, 6-7, 112 S. Ct. 995, 998 (1992); Whitley v. Albers, 475 U.S. 312, 320, 106
2  S. Ct. 1078, 1085 (312).

3      Plaintiff's allegation that Defendant T. Cagle placed him in restraints and then slammed his
4  head against the wall of the building causing a serious head injury is sufficient to state a cognizable
5  claim for excessive force in violation of the Eighth Amendment.

6      **B.**    **Retaliation**

7      A viable claim of retaliation in violation of the First Amendment consists of five elements:
8  "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that
9  prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First
10 Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."
11 Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108,
12 1114 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

13     Plaintiff's allegation that Defendant De La Cerda assaulted Plaintiff because he filed a
14 grievance against Defendant Cagle is sufficient to state a claim for retaliation in violation of the First
15 Amendment.

16     **C.**    **Linkage Requirement**

17     Under section 1983, Plaintiff must demonstrate that each defendant personally participated
18 in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). In other
19 words, to state a claim for relief under section 1983, Plaintiff must link each named defendant with
20 some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.
21 Plaintiff's complaint is devoid of any factual allegations against Defendants Gonzalez and Macias
22 and Plaintiff therefore fails to state a cognizable claim against any other defendant.

23     **D.**    **Joinder Requirement**

24     Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R.
25 Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507
26 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1)
27 the claim arises out of the same transaction or occurrence, or series of transactions and occurrences,
28 and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers,

130 F.3d 1348, 1351 (9th Cir. 1997); Desert Empire Bank v. Insurance Co. of North America, 623 F.3d 1371, 1375 (9th Cir. 1980). Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Plaintiff's claims in this action are not properly joined and they may not proceed in the same action. Although Plaintiff alleges that Defendant De La Cerda referenced his grievance against Defendant Cagle, the incidents do not arise out of the transaction or series of transactions or occurrences. Further, they do not involve common questions of law and fact. Plaintiff shall be given the opportunity to either file an amended complaint to correct the deficiencies in this order or to notify the Court which cognizable claim he wants to proceed on in this action.

### IV.     Conclusion and Order

Plaintiff's complaint states a cognizable claim against Defendant Cagle for excessive force in violation of the Eighth Amendment, and Defendant De La Cerda for retaliation in violation of the First Amendment, but does not state any other claims for relief under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only against Defendant Cagle or against Defendant De La Cerda in this action, Plaintiff may so notify the Court in writing. The other defendants will be dismissed. Plaintiff will then be provided with one summons and one USM-285 form for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process on the defendant against whom Plaintiff chooses to proceed against in this action.

If Plaintiff elects to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 129 S. Ct. at 1948-49; Jones, 297 F.3d at 934. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted). The mere possibility of misconduct is insufficient to state a claim. Iqbal, 129 S. Ct. at 1950. Further, Plaintiff may not change the nature

of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

   a. File an amended complaint curing the deficiencies identified by the Court in this order, or

   b. Notify the Court in writing that he does not wish to file an amended complaint and is willing to proceed only against either Defendant Cagle or against Defendant De La Cerda in this action; and

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **December 7, 2012**            /s/ **Barbara A. McAuliffe**
                                        UNITED STATES MAGISTRATE JUDGE