# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE WELLS,<br><br>            Plaintiff,<br><br>     v.<br><br>T. CAGLE, et al.,<br><br>            Defendants. | 1:11cv1550-LJO- BAM (PC)<br><br>SECOND ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT WHICH DEFENDANT HE WISHES TO PROCEED AGAINST IN THIS ACTION<br>(ECF No. 17)<br><br>THIRTY-DAY DEADLINE |

## I.   Screening Requirement

Plaintiff Andre Wells ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 29, 2011.  On September 14, 2011, the action was transferred to the Fresno Division of the Eastern District of California.  On December 7, 2012, the Court issued an order requiring Plaintiff to either file an amended complaint or notify the Court in writing which defendant he wished to proceed against.  (ECF No. 5.)  On December 26, 2012, Plaintiff filed a first amended complaint.  (ECF No. 17.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that

seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not; Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). To state a claim, Plaintiff must demonstrate a link between actions or omissions of each named defendant and the violation of his rights; there is no *respondeat superior* liability under section 1983. Iqbal, 556 U.S. at 676-77, 129 S.Ct. at 1949; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.

## II. Allegations of First Amended Complaint

Plaintiff brings this action against Defendant T. Cagle, Defendant De La Cruz and Defendant John Doe, correctional officers employed at Corcoran State Prison.  Plaintiff alleges as follows: On September 29, 2010, Defendants T. Cagle and John Doe were escorting Plaintiff to the program complex.  While Plaintiff was restrained, Defendant T. Cagle slammed Plaintiff head-first into the wall of 3A-05.  Defendant T. Cagle did this in response to Plaintiff's reply from Defendant T. Cagle yelling in Plaintiff's ears approximately two inches from his face. Defendant T. Cagle's actions were meant to cause harm.  Plaintiff now experiences headaches on a regular basis.  Plaintiff asserts a cause of action for violation of his Eighth Amendment right to be free from cruel and unusual punishment against Defendant T. Cagle.  Plaintiff also asserts a cause of action against Defendant John Doe for failure to intervene in violation of the Eighth Amendment.

Plaintiff also alleges that Defendant De La Cruz assaulted Plaintiff and slapped his personal property out of his hands in retaliation for the September 29, 2010 incident with Defendant Cagle.  Defendant De La Cruz's actions chilled Plaintiff's "appeal to redress the Government" in violation of the First Amendment.

## III. Discussion

### A. Excessive Force

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347, 101 S. Ct. 2392, 2399 (1981). The inquiry as to whether a prison official's use of force constitutes cruel and unusual punishment is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Hudson v. McMillian, 503 U.S. 1, 6-7, 112 S. Ct. 995, 998 (1992); Whitley v. Albers, 475 U.S. 312, 320-21, 106 S. Ct. 1078, 1085 (312).

Plaintiff's allegation that Defendant T. Cagle placed him in restraints and then slammed his head against the wall of the building causing injury is sufficient to state a cognizable claim for excessive force in violation of the Eighth Amendment.

### B. Failure to Intervene

Prison officials are required "to take reasonable steps to protect inmates from physical abuse." Hoptowit v. Ray, 682 F.2d 1237, 1250 (9th Cir. 1982) (abrogated on other grounds by Sandin v. O'Connor, 515 U.S. 472 (1995)). "[A] prison official can violate a prisoner's Eight Amendment rights by failing to intervene." Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995).

Plaintiff's allegation that Defendant John Doe failed to intervene when Defendant T. Cagle yelled in Plaintiff's ear and slammed Plaintiff's head into the wall is sufficient to state a claim for failure to intervene in violation of the Eighth Amendment.

### C. Retaliation

A viable claim of retaliation in violation of the First Amendment consists of five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

Plaintiff's allegation that Defendant De La Cerda assaulted Plaintiff to intimidate him and prevent him from appealing the incident with Defendant T. Cagle is sufficient to state a claim for retaliation in violation of the First Amendment.

///

///

### D. John Doe

"As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Nonetheless, a plaintiff must be afforded an opportunity to identify the unknown defendants through discovery, unless it is clear that discovery will not reveal their identities or the complaint must be dismissed for other reasons. Ibid. "While Doe pleading is disfavored, it is not prohibited in federal practice." Lopes v. Vieira, 543 F.Supp.2d 1149, 1152 (E.D.Ca. 2008).

Plaintiff is informed that the U. S. Marshal cannot serve a Doe Defendant. Therefore, before the U. S. Marshal can serve a Doe Defendant, Plaintiff will have to identify him or her with enough information to locate the defendant for service of process.

### E. Joinder

Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction, occurrence, or series of transactions or occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); Desert Empire Bank v. Insurance Co. of North America, 623 F.2d 1371, 1375 (9th Cir. 1980). Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

The Court previously informed Plaintiff that the claim he seeks to bring against Defendant Cagle is not properly joined with the claim against Defendant De La Cerda and they may not proceed in the same action. Plaintiff may not simply omit dates to allow these incidents to proceed in the same action. Although Plaintiff alleges that Defendant De La Cerda's actions regarding Plaintiff's appeal were prompted by the incident with Defendant Cagle, the incidents

with these defendants do not arise out of the same transaction or series of transactions or occurrences. Further, they do not involve common questions of law and fact. In short, Plaintiff may not proceed with his claim against Defendants Cagle and John Doe and his claim against Defendant De La Cerda in the same action.

Plaintiff shall be given a final opportunity to either file an amended complaint to correct the deficiencies in this order or to notify the Court which cognizable claim he wants to proceed on in this action.

### IV.     **Conclusion and Order**

Plaintiff's complaint states a cognizable claim against Defendant Cagle for excessive force in violation of the Eighth Amendment, against Defendant John Doe for failure to intervene in violation of the Eighth Amendment, and against Defendant De La Cerda for retaliation in violation of the First Amendment. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the remaining deficiencies identified by the Court in this order. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only against Defendants Cagle and Doe or only against Defendant De La Cerda in this action, Plaintiff may so notify the Court in writing. Plaintiff will then be provided with the appropriate number of summons and USM-285 forms for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process on the defendant or defendants against whom Plaintiff chooses to proceed against in this action.

If Plaintiff elects to amend, then his amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what the named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

1     Plaintiff also may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

    Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012) (en banc).  Therefore, Plaintiff's second amended complaint must be "complete in itself without reference to the prior or superseded pleading."  Local Rule 220.

    Based on the foregoing, it is HEREBY ORDERED that:

    1.     The Clerk's Office shall send Plaintiff a civil rights complaint form;

    2.     Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

        a.     File an amended complaint curing the deficiencies identified by the Court in this order; or

        b.     Notify the Court in writing that he does not wish to file an amended complaint and is willing to proceed only against (1) Defendants Cagle and John Doe **or** only against (2) Defendant De La Cerda in this action; and

    3.     **If Plaintiff fails to comply with this second order, this action will be dismissed for failure to obey a court order.**

IT IS SO ORDERED.

Dated:   **April 3, 2013**          /s/ Barbara A. McAuliffe
                                                UNITED STATES MAGISTRATE JUDGE