# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE WELLS,<br><br>                    Plaintiff,<br><br>        v.<br><br>T. CAGLE, et al.,<br><br>                    Defendants.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

1:11-cv-1550-LJO-BAM (PC)

FINDINGS AND RECOMMENDATIONS
REGARDING DISMISSAL OF CERTAIN
CLAIMS
(ECF No. 17)

THIRTY-DAY DEADLINE

**Findings and Recommendations Following Screening**

**I.      Background**

Plaintiff Andre Wells ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 29, 2011.  On September 14, 2011, the action was transferred to the Fresno Division of the Eastern District of California.  On December 7, 2012, the Court issued an order requiring Plaintiff to either file an amended complaint or notify the Court in writing which defendant he wished to proceed against. (ECF No. 5.)  On December 26, 2012, Plaintiff filed a first amended complaint.  (ECF No. 17.)

On April 4, 2013, the Court screened Plaintiff's first amended complaint pursuant to 28 U.S.C. § 1915A, and found that it stated a cognizable claim against Defendant T. Cagle for excessive force in violation of the Eighth Amendment; a cognizable claim against Defendant John Doe for failure to intervene in violation of the Eighth Amendment; and a cognizable claim

1    against Defendant De La Cruz[1] of retaliation in violation of the First Amendment.  However, the

2    Court also determined that Plaintiff could not proceed with his claim against Defendants Cagle

3    and John Doe and his claim against Defendant De La Cerda in the same action pursuant to

4    Federal Rule of Civil Procedure 18.  The Court therefore provided Plaintiff with an opportunity

5    to file an amended complaint or notify the Court whether he was agreeable to proceed only

6    against Defendants Cagle and Doe or only against Defendant De La Cruz in this action.  (ECF

7    No. 19.)

8            On April 24, 2013, Plaintiff notified the Court that if he cannot proceed against all three

9    defendants in this action, then he would like to proceed against Defendants T. Cagle and John

10   Doe.  (ECF No. 21.)  Accordingly, the Court issues the following Findings and

11   Recommendations.

12           The Court is required to screen complaints brought by prisoners seeking relief against a

13   governmental entity or an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

14   The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

15   legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that

16   seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

17   § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been

18   paid, the court shall dismiss the case at any time if the court determines that . . . the action or

19   appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. §

20   1915(e)(2)(B)(ii).

21           A complaint must contain "a short and plain statement of the claim showing that the

22   pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

23   required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

24   conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937

25   (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and

26   courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572

27

28   ─────────────────────
     [1] The Court mistakenly referred to Defendant De La Cruz as "Defendant De La Cerda" in portions of its screening
     order.

1    F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual

2    allegations are accepted as true, legal conclusions are not; Plaintiff must present factual

3    allegations sufficient to state a plausible claim for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S.

4    Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short

5    of meeting this plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

6         Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or

7    other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d

8    1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006);

9    Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  To state a claim, Plaintiff must

10   demonstrate a link between actions or omissions of each named defendant and the violation of

11   his rights; there is no *respondeat superior* liability under section 1983.  Iqbal, 556 U.S. at 676-

12   77, 129 S.Ct. at 1949; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir.

13   2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.

14   **II.    Allegations of First Amended Complaint**

15        Plaintiff brings this action against Defendant T. Cagle, Defendant De La Cruz and Defendant

16   John Doe, correctional officers employed at Corcoran State Prison.  Plaintiff alleges as follows:

17   On September 29, 2010, Defendants T. Cagle and John Doe were escorting Plaintiff to the

18   program complex.  While Plaintiff was restrained, Defendant T. Cagle slammed Plaintiff head-

19   first into the wall of 3A-05.  Defendant T. Cagle did this in response to Plaintiff's reply from

20   Defendant T. Cagle yelling in Plaintiff's ears approximately two inches from his face.

21   Defendant T. Cagle's actions were meant to cause harm.  Plaintiff now experiences headaches on

22   a regular basis.  Plaintiff asserts a cause of action for violation of his Eighth Amendment right to

23   be free from cruel and unusual punishment against Defendant T. Cagle.  Plaintiff also asserts a

24   cause of action against Defendant John Doe for failure to intervene in violation of the Eighth

25   Amendment.

26        Plaintiff also alleges that Defendant De La Cruz assaulted Plaintiff and slapped his personal

27   property out of his hands in retaliation for the September 29, 2010 incident with Defendant

28

Cagle.  Defendant De La Cruz's actions chilled Plaintiff's "appeal to redress the Government" in violation of the First Amendment.

### III.   Discussion

#### A.   Excessive Force

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347, 101 S. Ct. 2392, 2399 (1981). The inquiry as to whether a prison official's use of force constitutes cruel and unusual punishment is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Hudson v. McMillian, 503 U.S. 1, 6-7, 112 S. Ct. 995, 998 (1992); Whitley v. Albers, 475 U.S. 312, 320-21, 106 S. Ct. 1078, 1085 (312).

Plaintiff's allegation that Defendant T. Cagle placed him in restraints and then slammed his head against the wall of the building causing injury is sufficient to state a cognizable claim for excessive force in violation of the Eighth Amendment.

#### B.   Failure to Intervene

Prison officials are required "to take reasonable steps to protect inmates from physical abuse." Hoptowit v. Ray, 682 F.2d 1237, 1250 (9th Cir. 1982) (abrogated on other grounds by Sandin v. O'Connor, 515 U.S. 472 (1995)).  "[A] prison official can violate a prisoner's Eight Amendment rights by failing to intervene."  Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995).

Plaintiff's allegation that Defendant John Doe failed to intervene when Defendant T. Cagle yelled in Plaintiff's ear and slammed Plaintiff's head into the wall is sufficient to state a claim for failure to intervene in violation of the Eighth Amendment.

#### C.   Retaliation

A viable claim of retaliation in violation of the First Amendment consists of five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a

1  legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005); accord

2  Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269

3  (9th Cir. 2009).

4         Plaintiff's allegation that Defendant De La Cruz assaulted Plaintiff to intimidate him and

5  prevent him from appealing the incident with Defendant T. Cagle is sufficient to state a claim for

6  retaliation in violation of the First Amendment.

7         **D.  Joinder**

8         Plaintiff's allegations against Defendant De La Cruz may not be joined with the claims

9  against Defendants T. Cagle and John Doe.  A plaintiff may not bring unrelated claims against

10  unrelated parties in a single action.  Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d

11  950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  Plaintiff may

12  bring a claim against multiple defendants so long as (1) the claim arises out of the same

13  transaction, occurrence, or series of transactions or occurrences, and (2) there are commons

14  questions of law or fact.  Fed. R. Civ. P. 20(a)(2); Desert Empire Bank v. Insurance Co. of North

15  America, 623 F.2d 1371, 1375 (9th Cir. 1980).  Only if the defendants are properly joined under

16  Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule

17  18(a), which permits the joinder of multiple claims against the same party.

18         Although Plaintiff alleges that Defendant De La Cruz's actions regarding Plaintiff's

19  appeal were prompted by the incident with Defendant T. Cagle, the incidents with these

20  defendants do not arise out of the same transaction or series of transactions or occurrences.

21  Further, they do not involve common questions of law and fact.  In short, Plaintiff may not

22  proceed with his claim against Defendants T. Cagle and John Doe and his claim against

23  Defendant De La Cruz in the same action.  If Plaintiff wishes to pursue his claims against

24  Defendant De La Cruz, Plaintiff should file a separate action.

25  **IV.  Conclusion and Recommendation**

26         The Court finds that Plaintiff's complaint states a cognizable claim against Defendant T.

27  Cagle for excessive force in violation of the Eighth Amendment and against Defendant John Doe

28  for failure to intervene in violation of the Eighth Amendment.

The Court also finds that although Plaintiff states a cognizable claim against Defendant De La Cruz for retaliation in violation of the First Amendment, he may not pursue that claim in this action.  As such, the Court recommends that Plaintiff's claim against Defendant De La Cruz be dismissed without prejudice for failure to comply with Federal Rules of Civil Procedure 18 and 20.

Plaintiff was provided with a second opportunity to file an amended complaint, but opted to proceed on the cognizable claims against Defendants T. Cagle and John Doe.  Therefore, the Court does not recommend granting further leave to amend.

Based on the foregoing, it is HEREBY RECOMMENDED as follows:

1.      This action proceed on Plaintiff's first amended complaint, filed on December 26, 2012, against Defendant T. Cagle for use of excessive force in violation of the Eighth Amendment; and against Defendant John Doe for failure to intervene in violation the Eighth Amendment;

2.      Defendant De La Cruz be DISMISSED without prejudice for failure to comply with Federal Rules of Civil Procedure 18 and 20.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these Findings and Recommendations, the plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 10, 2013**                              /s/ Barbara A. McAuliffe

UNITED STATES MAGISTRATE JUDGE