# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE WELLS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>T. CAGLE, et al.,<br><br>　　　　Defendants. | 1:11-cv-1550-LJO-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION<br>(ECF Nos. 29, 30) |

**I.   BACKGROUND**

Plaintiff Andre Wells ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 29, 2011. On December 26, 2012, Plaintiff filed a first amended complaint. (ECF No. 17.) On April 4, 2013, the Court screened Plaintiff's first amended complaint pursuant to 28 U.S.C. § 1915A, and found that it stated a cognizable claim against Defendant T. Cagle for excessive force in violation of the Eighth Amendment; a cognizable claim against Defendant John Doe for failure to intervene in violation of the Eighth Amendment; and a cognizable claim against Defendant De La Cruz for retaliation in violation of the First Amendment. However, the Court also determined that Plaintiff could not proceed with his claim against Defendants Cagle and John Doe and his claim against Defendant De La Cruz in the same action pursuant to Federal Rule of Civil Procedure 18. The Court therefore provided Plaintiff with an opportunity to file an amended complaint or

1 notify the Court whether he was agreeable to proceed only against Defendants Cagle and Doe or
2 only against Defendant De La Cruz in this action. (ECF No. 19.)
3       On April 24, 2013, Plaintiff notified the Court that if he could not proceed against all
4 three defendants in this action, then he would like to proceed against Defendants T. Cagle and
5 John Doe. (ECF No. 21.)
6       On May 13, 2013, the Magistrate Judge issued findings and recommendations that (1)
7 this action proceed on Plaintiff's first amended complaint, filed on December 26, 2012, against
8 Defendant T. Cagle for use of excessive force in violation of the Eighth Amendment; and against
9 Defendant John Doe for failure to intervene in violation of the Eighth Amendment; and (2)
10 Defendant De La Cruz be dismissed without prejudice for failure to comply with Federal Rules
11 of Civil Procedure 18 and 20.[1] (ECF No. 23.)
12       On June 3, 2013, Plaintiff filed objections to the findings and recommendations. (ECF
13 No. 27.) In his objections, Plaintiff argued that he should be allowed to proceed against
14 Defendants Cagle, John Doe and De La Cruz in a single action because the claims against them
15 arose out of the same conduct, transaction and occurrence. (ECF No. 27, p. 4.) The Court
16 considered Plaintiff's objections, but determined that his retaliation claim against Defendant De
17 La Cruz did not involve the same transaction or occurrence and did not involve a common
18 question of law or fact with his claims against Defendants Cagle and John Doe. Accordingly, the
19 Court adopted the findings and recommendations and dismissed the claim against Defendant De
20 La Cruz from this action without prejudice. (ECF No. 28.)
21       On July 10, 2013, Plaintiff filed a document entitled "Petition for Leave to Adoption of
22 Filings and Recommendations." In the petition, Plaintiff appears to request that the Ninth Circuit
23 determine whether Defendant De La Cruz should be brought into this action with Defendants
24 Cagle and John Doe. (ECF No. 30, p. 2.) He also appears to challenge the Court's decision
25 denying him appointed counsel. (ECF No. 30, pp. 3-4.) On July 12, 2013, Plaintiff filed a
26 document entitled "Petition for Issuance of Certificate of Appealability" regarding the denial of
27
28 [1]     The Magistrate Judge also issued an order finding service of first amended complaint on Defendant T. Cagle appropriate and forwarding service documents to Plaintiff for completion and return. (ECF No. 24.)

appointment of counsel and the order dismissing the claim against Defendant De La Cruz without prejudice. (ECF No. 29, p. 1.) The Court construes Plaintiff's motions as requests for reconsideration of the May 10, 2013 order denying him appointment of counsel and the June 26, 2013 order dismissing Defendant De La Cruz from this action without prejudice.

## II. DISCUSSION

### A. Legal Standard

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, "[o]n motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . (3) fraud . . .; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; . . . or (6) any other reason that justifies relief." Fed. R. Civ. Proc. 60(b). Where none of these factors is present the motion is properly denied. Fuller v. M.G. Jewelry, 950 F.2d 1437, 1442 (9th Cir. 1991).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

### B. Analysis

#### 1. Order Denying Motion to Appoint Counsel (ECF No. 22)

On March 29, 2013, Plaintiff filed a motion requesting the appointment of counsel in this matter. In his motion, Plaintiff argued that the appointment of counsel was warranted because of the factual and legal complexity of this action, the necessity for a medical expert, the need for investigation and interviews of other inmates, potential conflicting testimony, his indigent status and the merits of this action. (ECF No. 18, pp. 2-5.) On May 10, 2013, the Magistrate Judge denied Plaintiff's motion for the appointment of counsel without prejudice. The Magistrate

1 Judge found that Plaintiff's case did not present "exceptional circumstances" requiring the
2 appointment of counsel. (ECF No. 22.)
3      In his motion for reconsideration, Plaintiff argues that he requires the appointment of
4 counsel to deal with custody "road blocks" and his mental processing disorder. Plaintiff refers to
5 a doctor's declaration attached to his motion to appoint counsel. (ECF No. 30, pp. 3-4.)
6      The Court does not find that Plaintiff has presented any basis for reconsideration of the
7 Magistrate Judge's order denying the appointment of counsel. Plaintiff's reported difficulties
8 caused by his custody and incarceration do not present exceptional circumstances warranting the
9 appointment of counsel. As noted by the Magistrate Judge, the Court is faced with similar cases
10 filed by prisoners almost daily. Plaintiff's mere disagreement with the Magistrate Judge's
11 decision is not sufficient grounds for reconsideration. United States v. Westlands Water Dist.,
12 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) ("[a] party seeking reconsideration must show more
13 than a disagreement with the Court's decision, and recapitulation ..." of arguments already
14 considered by the Court).
15      With regard to Plaintiff's claim of a mental processing disorder, Plaintiff does not explain
16 why he could not have raised this argument in his original motion for appointment of counsel.
17 Marlyn, 571 F.3d at 880. Further, Plaintiff has not presented any evidence of a processing
18 disorder. Although he references a doctor's declaration attached to his motion for appointment
19 of counsel, there is no such declaration on the Court's docket. To the extent that Plaintiff seeks
20 to present such evidence to the Court, Plaintiff is not precluded from filing a renewed motion for
21 the appointment of counsel.
22      For these reasons, Plaintiff's request for reconsideration of the order denying his motion
23 for the appointment of counsel shall be denied.
24           2. Order Dismissing Defendant De La Cruz (ECF No. 27.)
25      As noted above, Plaintiff disagrees with the Court's order dismissing Defendant De La
26 Cruz from this action without prejudice for failure to comply with Federal Rule of Civil
27 Procedure 18. However, Plaintiff has not presented any newly discovered evidence or an
28 intervening change in the law to warrant reconsideration. Plaintiff's mere disagreement with the

4

Court's determination is not sufficient.  Westlands Water Dist., 134 F.Supp.2d at 1131.  Thus, Plaintiff's request for reconsideration of the dismissal of Defendant De La Cruz from this action without prejudice shall be denied.  Plaintiff is reminded that the dismissal without prejudice does not prevent him from pursuing his claims against Defendant De La Cruz in a separate action.

### III.     CONCLUSION AND ORDER

Based on the above, Plaintiff's motions for reconsideration are DENIED.

IT IS SO ORDERED.

Dated:   **August 21, 2013**              /s/ Lawrence J. O'Neill
                                                         UNITED STATES DISTRICT JUDGE