# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE WELLS, | ) 1:11-cv-1550-LJO-BAM (PC) |
| Plaintiff, | ) ORDER DENYING PLAINTIFF'S MOTION |
| v. | ) FOR THE APPOINTMENT OF COUNSEL |
|  | ) WITHOUT PREJUDICE |
| T. CAGLE, et al., | ) (ECF No. 35) |
| Defendants. | ) |

**I.   Background**

Plaintiff Andre Wells ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 29, 2011. This action proceeds on Plaintiff's claims against Defendant T. Cagle and Defendant John Doe for violations of the Eighth Amendment.

On March 29, 2013, Plaintiff filed a motion requesting the appointment of counsel. In his motion, Plaintiff argued that the appointment of counsel was warranted because of the factual and legal complexity of this action, the necessity for a medical expert, the need for investigation and interviews of other inmates, potential conflicting testimony, his indigent status and the merits of this action. (ECF No. 18, pp. 2-5.) On May 10, 2013, the undersigned denied Plaintiff's motion for the appointment of counsel without prejudice. (ECF No. 22.)

1

On July 10, 2013, Plaintiff sought reconsideration of the order denying the appointment of counsel.  Plaintiff argued that he required the appointment of counsel to deal with custody road blocks and because of his mental processing disorder.  (ECF No. 30.)  The District Court judge denied the motion for reconsideration, noting that Plaintiff's reported difficulties caused by his custody and incarceration did not present exceptional circumstances warranting the appointment counsel.  With regard to the mental processing disorder, the District Court judge indicated that Plaintiff referenced a doctor's declaration, but the declaration was not on file.  Accordingly, the District Court judge advised Plaintiff that he was not precluded from filing a renewed motion for the appointment of counsel to present such evidence.  (ECF No. 34.)

On September 12, 2013, Plaintiff filed the instant motion for the appointment counsel.  Plaintiff argues that he requires counsel due to an auditory processing disorder and persistent road blocks from prison correctional officers and law library staff.  Plaintiff's motion includes a declaration from Dr. Karen Bronk Froming dated July 22, 2010, along with requests for law library access.  (ECF No. 35.)

**II.     Discussion**

As previously explained, Plaintiff does not have a constitutional right to appointed counsel in this action, <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. §1915(e)(1).  <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  <u>Rand</u>, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." <u>Id.</u> (internal quotation marks and citations omitted).

Presently, the court does not find the required exceptional circumstances. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. Plaintiff's reported difficulties caused by his custody status, including his difficulties accessing the law library, do not present exceptional circumstances warranting the appointment of counsel. This court is faced with similar cases almost daily. If Plaintiff requires additional time to access the law library in order to meet case deadlines, he may seek appropriate extensions of time.

Insofar as Plaintiff requests counsel based on his auditory processing disorder, this Court also does not find the required exceptional circumstances at this time. The Court has reviewed the declaration of Ms. Froming, which indicates that Plaintiff suffers neuropsychological deficits in decision-making, planning and memory and has problems with central auditory processing and paying attention. (ECF No. 35, p. 7.) Currently, there is no indication that Plaintiff's auditory processing and other deficits have prevented him from adequately articulating his claims or from appropriately responding to or preparing written materials and pleadings. Thus far, this action has not required any hearings, conferences or depositions that would implicate Plaintiff's auditory processing difficulties.[1] Further, at this early stage in the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the merits. Id.

### III. Conclusion and Order

Based on the above, Plaintiff's motion for the appointment of counsel is HEREBY DENIED without prejudice.

IT IS SO ORDERED.

Dated: **September 17, 2013**          /s/ *Barbara A. McAuliffe*
                                       UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff is not precluded from renewing his motion for the appointment of counsel if this action proceeds to trial or otherwise requires him to rely on his auditory processing skills.