UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE WELLS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>T. CAGLE, et al.,<br><br>　　　　Defendants. | Case No.: 1:11-cv-01550-LJO-BAM (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO AMEND HIS COMPLAINT<br>(ECF No. 45)<br><br>THIRTY-DAY DEADLINE |

**I.	Background**

Plaintiff Andre Wells ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint, filed on December 26, 2012, against Defendant T. Cagle and Defendant John Doe for violations of the Eighth Amendment. The case is in the discovery phase.

On February 6, 2014, Plaintiff filed a notice requesting that Court replace the John Doe defendant with R. Perez and initiate service. (ECF No. 45.) The Court construes Plaintiff's filing as a motion for leave to amend the complaint to name the John Doe defendant. Defendant T. Cagle did not file an opposition. The motion is deemed submitted. Local Rule 230(l).

**II.	Discussion**

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a

party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). "Rule 15(a) is very liberal and leave to amend shall be freely given when justice so requires." AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (citation and quotation omitted). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." Id.

Plaintiff requests leave to amend his complaint to identify the John Doe defendant in this action. Plaintiff reports that he received information from Defendant Cagle and his attorney that the name of the John Doe defendant is R. Perez. (ECF No. 45, p. 1.)

The Court has considered the proposed amendment and finds that leave to amend should be granted. In considering the relevant factors, the Court finds no evidence of prejudice, bad faith, undue delay in ligation or futility. Accordingly, Plaintiff's motion to amend shall be granted.

### III.   Conclusion and Order

As discussed, Plaintiff shall be granted leave to file a second amended complaint, within thirty days, in order to identify the John Doe defendant.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what the named defendant did that led to the deprivation of Plaintiff's constitutional rights, Ashcroft v. Iqbal, 556 U.S. 662, 678-79, 129 S.Ct. 1937, 1948-49 (2009). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).

Plaintiff should note that although he has been granted leave to amend, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff has been granted leave to amend the complaint for the sole purpose of identifying the John Doe defendant.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012) (en banc). Therefore, Plaintiff's second amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED as follows:

1. Plaintiff's motion to amend the complaint, filed on February 6, 2014, is GRANTED;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within thirty (30) days from the date of service of this order, Plaintiff shall file a Second Amended Complaint as discussed in this order;
4. Plaintiff shall clearly identify the amended complaint as "Second Amended Complaint" and refer to the case number;
5. Plaintiff may not add any new allegations or claims to this action other than those already found to be cognizable by the Court; and
6. If Plaintiff fails to comply with this order, the action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **March 6, 2014**              /s/ Barbara A. McAuliffe
                            UNITED STATES MAGISTRATE JUDGE