UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE WELLS,<br><br>        Plaintiff,<br><br>    v.<br><br>T. CAGLE, et al.,<br><br>        Defendants. | Case No.: 1:11-cv-01550-LJO-BAM (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO MODIFY THE SCHEDULING ORDER TO EXTEND THE DISCOVERY DEADLINE<br>(ECF No. 44)<br><br>Discovery Deadline: July 20, 2014<br>Dispositive Motion Deadline: September 30, 2014 |

      Plaintiff Andre Wells ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first amended complaint, filed on December 26, 2012, against Defendant T. Cagle and Defendant John Doe for violations of the Eighth Amendment.

      As Plaintiff named a John Doe defendant, the Court ordered service of the complaint solely for Defendant T. Cagle.  (ECF No. 26.)  On August 19, 2013, Defendant T. Cagle filed an answer to the first amended complaint.  (ECF No. 32.)  Thereafter, on August 20, 2013, the Court issued a Discovery and Scheduling Order, which set the deadline to complete discovery as April 20, 2014, and the deadline to file dispositive motions as June 30, 2014.  (ECF No. 33.)

      On February 6, 2014, Plaintiff filed a notice requesting that the Court replace the John Doe defendant with R. Perez and initiate service.  (ECF No. 45.)  The Court construed Plaintiff's request as one for leave to amend his complaint to add the name of the John Doe defendant and granted Plaintiff

1

thirty days to file an second amended complaint.  Plaintiff's second amended complaint is due on or before April 9, 2014.  (ECF No. 50.)

On February 2, 2014, Plaintiff also filed the instant motion requesting a ninety-day extension of the discovery deadline.  Plaintiff explains that he requires additional time to complete discovery because he only recently discovered the name of the John Doe defendant and he has been having difficulty obtaining discovery from Defendant Cagle.  (ECF No. 44.)

On March 6, 2014, Defendant Cagle filed a statement of non-opposition to Plaintiff's request for an extension of the discovery deadline with the provision that the discovery deadline would be extended for all parties.  (ECF No. 49.)

Pursuant to Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  The "good cause" standard "primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  The court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." Id.  If the party was not diligent, the inquiry should end.  Id.

In the instant case, an extension of the discovery deadline to accommodate the newly identified defendant is unnecessary.  The Court's current Discovery and Scheduling Order does not extend to the John Doe defendant.  Once the John Doe defendant is served with any complaint, the Court will issue discovery and related deadlines applicable to the new defendant.  Nonetheless, the Court finds that an extension of time is appropriate to allow the parties to complete discovery in this matter.  There is no indication that the parties have not been diligent in their efforts to complete discovery and Defendant Cagle has not opposed Plaintiff's request.  Further, as the requested ninety-day extension will extend past the dispositive motion deadline, the Court also finds it appropriate to extend the dispositive motion deadline.

For the reasons stated, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to modify the Discovery and Scheduling Order is GRANTED;

2. The deadline to complete discovery is extended to July 20, 2014; and

///

3.  The deadline to file dispositive motions is extended to September 30, 2014.

IT IS SO ORDERED.

Dated:   **March 10, 2014**                         /s/ *Barbara A. McAuliffe*
                                                          UNITED STATES MAGISTRATE JUDGE