# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE WELLS, | ) 1:11-cv-1550-LJO-BAM (PC) |
| Plaintiff, | ) ORDER GRANTING PLAINTIFF'S |
| v. | ) MOTION TO POSTPONE DEPOSITION |
| | ) (ECF No. 54) |
| T. CAGLE, et al., | ) |
| | ) ORDER DIRECTING PARTIES TO |
| Defendants. | ) SUBMIT INFORMATION REGARDING |
| | ) PLAINTIFF'S REQUEST FOR |
| | ) APPOINTMENT OF COUNSEL |

**I.  Introduction**

Plaintiff Andre Wells ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 29, 2011.  This action proceeds on Plaintiff's claims against Defendant T. Cagle and Defendant John Doe (R. Perez) for violations of the Eighth Amendment.[1]

On March 26, 2014, Plaintiff filed a motion to postpone his deposition, which is noticed for April 15, 2014.  (ECF No. 54.)  On March 26, 2014, Plaintiff also filed a motion for the appointment of counsel.  (ECF No. 55.)  Defendant Cagle has not had an opportunity to respond to either motion.  However, the Court finds it appropriate to address the motion to postpone the

---

[1]   Plaintiff has identified Defendant John Doe as R. Perez.  The Court has not yet ordered service of Defendant R. Perez.

1

deposition at this time. For the reasons discussed below, Plaintiff's deposition shall be stayed pending resolution of Plaintiff's motion for the appointment of counsel.

## II.     Procedural Background

On March 29, 2013, Plaintiff filed a motion to appoint counsel. (ECF No. 18, pp. 2-5.) On May 10, 2013, the Court denied the motion without prejudice. (ECF No. 22.) On July 10, 2013, Plaintiff sought reconsideration of the Court's order denying the motion to appoint counsel. Plaintiff argued that he required the appointment of counsel to deal with custody road blocks and because of his mental processing disorder. (ECF No. 30.) The District Court judge denied the motion for reconsideration, noting that Plaintiff's reported difficulties caused by his custody and incarceration did not present exceptional circumstances warranting the appointment counsel. With regard to the mental processing disorder, the Court indicated that Plaintiff referenced a doctor's declaration, but the declaration was not on file. The Court advised Plaintiff that he was not precluded from filing a renewed motion for the appointment of counsel to present such evidence. (ECF No. 34.)

On September 12, 2013, Plaintiff filed a second motion for the appointment counsel. Plaintiff argued that he required counsel due to an auditory processing disorder and persistent road blocks from prison correctional officers and law library staff. Plaintiff's motion included a declaration from Dr. Karen Bronk Froming dated July 22, 2010, along with requests for law library access. (ECF No. 35.)

On September 17, 2013, the Court denied Plaintiff's motion to appoint counsel without prejudice. After reviewing the declaration of Dr. Froming, which indicated that Plaintiff suffers neuropsychological deficits in decision-making, planning and memory and has problems with central auditory processing and paying attention, the Court found no indication that Plaintiff's auditory processing and other deficits had prevented him from adequately articulating his claims or from appropriately responding to or preparing written materials and pleadings. However, the Court noted that the action had not yet required any hearings, conferences or depositions that would implicate Plaintiff's auditory processing difficulties. The Court informed Plaintiff that he

was not precluded from renewing his request for counsel if the action proceeded to trial "or otherwise requires him to rely on his auditory processing skills." (ECF No. 36, p. 3 n. 1.)

### III. Discussion

Plaintiff has renewed his motion for the appointment of counsel and has simultaneously notified the Court of his impending deposition noticed by Defendant Cagle for April 15, 2014. (ECF Nos. 54, 55.) Plaintiff seeks to postpone the deposition for reasons other than his auditory processing difficulties and mental health issues. Although the reasons proffered by Plaintiff, without more, would not support a postponement, a deposition by oral examination clearly implicates Plaintiff's auditory processing difficulties. Therefore, the Court finds it appropriate to stay Plaintiff's deposition until the pending request for appointment of counsel is resolved.

In order to assess the request for counsel, the Court requires additional information from the parties. In particular, the Court requires updated information regarding Plaintiff's condition. Dr. Froming's declaration, which was submitted in support of Plaintiff's request for counsel, is dated July 22, 2010. (ECF No. 55, p. 9.) The Court does not have any evidence or information regarding Plaintiff's current mental functioning or psychological condition. Accordingly, Plaintiff shall be required to supplement his request for counsel with evidence regarding his current mental functioning and psychological condition. Once Plaintiff submits his supplemental information, Defendant Cagle shall file a response to Plaintiff's request for counsel.

### IV. Conclusion and Order

For the reasons stated, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for postponement of his deposition is GRANTED;
2. The April 15, 2014 deposition of Plaintiff is STAYED pending resolution of Plaintiff's request for counsel;
3. Within thirty (30) days, Plaintiff shall supplement his request for appointment of counsel with any available evidence regarding his current mental functioning and psychological condition; and

4. Within twenty-one (21) days after service of Plaintiff's supplemental papers, if any, Defendant Cagle shall file a response to Plaintiff's motion for the appointment of counsel.

IT IS SO ORDERED.

Dated: **April 3, 2014**            /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE