# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANDRE WELLS, | ) | 1:11-cv-1550-LJO-BAM (PC) |
| Plaintiff, | ) ) ) | ORDER DENYING PLAINTIFF'S MOTION TO REQUEST VOLUNTARY COUNSEL |
| v. | ) ) | (ECF No. 55) |
| T. CAGLE, et al., | ) ) | |
| Defendants. | ) ) | |

**I.  Background**

Plaintiff Andre Wells ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 29, 2011.  This action proceeds on Plaintiff's claims against Defendant T. Cagle and Defendant John Doe for violations of the Eighth Amendment.

On March 29, 2013, Plaintiff filed a motion requesting the appointment of counsel.  In his motion, Plaintiff argued that the appointment of counsel was warranted because of the factual and legal complexity of this action, the necessity for a medical expert, the need for investigation and interviews of other inmates, potential conflicting testimony, his indigent status and the merits of this action.  (ECF No. 18, pp. 2-5.)  On May 10, 2013, the undersigned denied Plaintiff's motion for the appointment of counsel without prejudice.  (ECF No. 22.)

1    On July 10, 2013, Plaintiff sought reconsideration of the order denying the appointment
2 of counsel.  Plaintiff argued that he required the appointment of counsel to deal with custody
3 road blocks and because of his mental processing disorder.  (ECF No. 30.)  The District Court
4 judge denied the motion for reconsideration, noting that Plaintiff's reported difficulties caused by
5 his custody and incarceration did not present exceptional circumstances warranting the
6 appointment counsel.  With regard to the mental processing disorder, the District Court judge
7 indicated that Plaintiff referenced a doctor's declaration, but the declaration was not on file.
8 Accordingly, the District Court judge advised Plaintiff that he was not precluded from filing a
9 renewed motion for the appointment of counsel to present such evidence.  (ECF No. 34.)

10    On September 12, 2013, Plaintiff filed a second motion for the appointment counsel.
11 Plaintiff argued that he requires counsel due to an auditory processing disorder and persistent
12 road blocks from prison correctional officers and law library staff.  Plaintiff's motion included a
13 declaration from Dr. Karen Bronk Froming dated July 22, 2010, along with requests for law
14 library access.  (ECF No. 35.)  On September 17, 2013, the Court denied Plaintiff's motion to
15 appoint counsel without prejudice.  The Court found that Plaintiff's auditory processing and
16 other deficits had not prevented him from adequately articulating his claims or from
17 appropriately responding to or preparing written materials and pleadings.  The Court further
18 noted this action had not yet required any hearings, conferences or depositions that would
19 implicate Plaintiff's auditory processing difficulties.

20    On March 26, 2014, Plaintiff renewed his motion for the appointment of counsel and also
21 moved to postpone his deposition for reasons other than his auditory processing difficulties and
22 mental health issues.  (ECF Nos. 54, 55.)  Although the reasons proffered by Plaintiff did not
23 support a postponement, the Court found that a deposition by oral examination would implicate
24 Plaintiff's auditory processing difficulties.  As a result, the Court stayed Plaintiff's deposition
25 until Plaintiff's request for appointment of counsel was resolved.  In addition, to assess the
26 request for counsel, the Court required Plaintiff to supplement his request for counsel with

evidence regarding his current mental functioning and psychological condition.  The Court also directed Defendant Cagle to file a response to Plaintiff's request for counsel following submission of supplemental information by Plaintiff.  (ECF No. 57.)

On May 7, 2014, Plaintiff supplemented his motion for the appointment of counsel. (ECF No. 64.)  Thereafter, on May 29, 2014, Defendant Cagle opposed Plaintiff's motion for the appointment of counsel.  (ECF No. 70.)  The time for any reply has expired and the motion is deemed submitted.  Local Rule 230(l).

**II.     Discussion**

As previously explained to Plaintiff, he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. §1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  Id. (internal quotation marks and citations omitted).

Presently, the Court does not find the required exceptional circumstances.  Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  Plaintiff's reported difficulties caused by discovery and by his other pending cases are not sufficient.  If Plaintiff requires additional time to meet case deadlines, he may seek appropriate extensions of time.

Insofar as Plaintiff requests counsel based on his psychological condition, this Court also does not find the required exceptional circumstances at this time.  The Court has reviewed the

supplemental mental health records submitted by Plaintiff, which indicate a diagnosis of mood disorder, along with depression and poor coping and problem-solving skills. (ECF No. 64.) As noted by Defendant, however, there is nothing in Plaintiff's supplemental papers demonstrating an auditory processing disorder or the inability to comprehend or respond to information. At least one clinician noted that Plaintiff was "alert and oriented . . . [t]houghts were clear and goal directed . . . . His fund of information was good. Concentration and attention appeared intact." (ECF No. 64, p. 6.)

Defendant also submitted information demonstrating that Plaintiff was enrolled in GED classes at California State Prison-Solano and earned his GED in 2013. (ECF No. 70-1; Declaration of Bassett ¶ 3 and Exhibit A). Plaintiff's academic teacher at California State Prison-Solano also declared that Plaintiff was enrolled in the GED classes from July 2011 until January 2013. During that time, Plaintiff's teacher did not perceive that Plaintiff had any problems understanding the material presented orally or comprehending and following the lessons. (ECF No. 70-2; Declaration of Donahue ¶ 3.) Instead, the teacher believed Plaintiff to be "quite bright" and would have hired him as a teaching assistant after completing his GED if Plaintiff had not transferred to another institution. (Id.)

### III. Conclusion and Order

Based on the above, Plaintiff's motion for the appointment of counsel is HEREBY DENIED without prejudice.

IT IS SO ORDERED.

Dated: **June 16, 2014**          /s/ *Barbara A. McAuliffe*
                                              UNITED STATES MAGISTRATE JUDGE