1
2
3
4
5

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE WELLS, | ) 1:11-cv-1550-LJO-BAM (PC) |
| Plaintiff, | ) |
| | ) ORDER DENYING PLAINTIFF'S MOTION |
| v. | ) TO ORDER APPOINTMENT OF COUNSEL |
| | ) AND DENYING MOTION TO STRIKE |
| T. CAGLE, et al., | ) DEFENDANT'S OPPOSITION AND |
| | ) DECLARATION OF W. DONAHUE |
| Defendants. | ) (ECF No. 73) |
| | ) |
| | ) ORDER DIRECTING PLAINTIFF TO FILE |
| | ) AN OPPOSITION OR STATEMENT OF |
| | ) NON-OPPOSITION TO DEFENDANTS' |
| | ) PENDING MOTIONS TO COMPEL |
| | ) WITHIN TWENTY-ONE DAYS |
| | ) |
| | ) |

## I.       Background

Plaintiff Andre Wells ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 29, 2011.  This action proceeds on Plaintiff's claims against Defendant T. Cagle and Defendant John Doe for violations of the Eighth Amendment.

On March 29, 2013, Plaintiff filed a motion requesting the appointment of counsel.  In his motion, Plaintiff argued that the appointment of counsel was warranted because of the factual and legal complexity of this action, the necessity for a medical expert, the need for investigation and interviews of other inmates, potential conflicting testimony, his indigent status and the

1    merits of this action.  (ECF No. 18, pp. 2-5.)  On May 10, 2013, the undersigned denied

2    Plaintiff's motion for the appointment of counsel without prejudice.  (ECF No. 22.)

3           On July 10, 2013, Plaintiff sought reconsideration of the order denying the appointment

4    of counsel.  Plaintiff argued that he required the appointment of counsel to deal with custody

5    road blocks and because of his mental processing disorder.  (ECF No. 30.)  The District Court

6    judge denied the motion for reconsideration, noting that Plaintiff's reported difficulties caused by

7    his custody and incarceration did not present exceptional circumstances warranting the

8    appointment counsel.  With regard to the mental processing disorder, the District Court judge

9    indicated that Plaintiff referenced a doctor's declaration, but the declaration was not on file.

10   Accordingly, the District Court judge advised Plaintiff that he was not precluded from filing a

11   renewed motion for the appointment of counsel to present such evidence.  (ECF No. 34.)

12          On September 12, 2013, Plaintiff filed a second motion for the appointment counsel.

13   Plaintiff argued that he requires counsel due to an auditory processing disorder and persistent

14   road blocks from prison correctional officers and law library staff.  Plaintiff's motion included a

15   declaration from Dr. Karen Bronk Froming dated July 22, 2010, along with requests for law

16   library access.  (ECF No. 35.)

17          On September 17, 2013, the Court denied Plaintiff's motion to appoint counsel without

18   prejudice.  The Court found that Plaintiff's auditory processing and other deficits had not

19   prevented him from adequately articulating his claims or from appropriately responding to or

20   preparing written materials and pleadings.  The Court further noted this action had not yet

21   required any hearings, conferences or depositions that would implicate Plaintiff's auditory

22   processing difficulties.  (ECF No. 36.)

23          On March 26, 2014, Plaintiff renewed his motion for the appointment of counsel and also

24   moved to postpone his deposition for reasons other than his auditory processing difficulties and

25   mental health issues.  (ECF Nos. 54, 55.)  Although the reasons proffered by Plaintiff did not

26   support a postponement, the Court found that a deposition by oral examination would implicate

27   Plaintiff's auditory processing difficulties.  As a result, the Court stayed Plaintiff's deposition

28

until Plaintiff's request for appointment of counsel was resolved.  To assess the request for counsel, the Court required Plaintiff to supplement his request for counsel with evidence regarding his current mental functioning and psychological condition.  The Court also directed Defendant Cagle to file a response to Plaintiff's request for counsel following submission of supplemental information by Plaintiff.  (ECF No. 57.)

On May 7, 2014, Plaintiff supplemented his motion for the appointment of counsel. (ECF No. 64.)  Thereafter, on May 29, 2014, Defendant Cagle opposed Plaintiff's motion for the appointment of counsel.  (ECF No. 70.)  Plaintiff did not file a timely reply.

On June 17, 2014, the Court denied the motion, finding that Plaintiff's supplemental papers did not identify an auditory processing disorder or the inability to comprehend or respond to information.  The Court also considered information submitted by Defendant, which indicated that Plaintiff earned his GED in 2013 and that his GED teacher did not perceive Plaintiff to have any problems understanding the material presented orally or comprehending and following the lessons.  (ECF No. 71.)

On June 18, 2014, Plaintiff filed another motion for the appointment of voluntary counsel.  Plaintiff also requested that the Court strike Defendants' May 29, 2014 opposition and supporting declaration.  (ECF No. 73.)  Defendant did not file a response and the motion is deemed submitted.  Local Rule 230(l).

## II.   Motion for Appointment of Counsel

As previously explained to Plaintiff, he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. §1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether

1  "exceptional circumstances exist, the district court must evaluate both the likelihood of success

2  of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the

3  complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

4      The Court has considered Plaintiff's moving papers, but does not find the required

5  exceptional circumstances.  Plaintiff again asserts that he has memory, auditory processing and

6  other mental health problems that prevent him from acquiring, present and understanding

7  statutes, case law, and court rules.  Plaintiff also asserts that he deals with extreme depression

8  and has had three suicide attempts, including one on June 2, 2014, and transfer to a crisis bed.

9  Plaintiff believes it is a miscarriage of justice to deny him appointment of voluntary counsel.

10     Plaintiff has not supported his reported difficulties with sufficient evidence or

11 information to contradict the Court's prior determination.  Plaintiff previously provided

12 information regarding his depression, but there was no indication in those papers that he suffered

13 from an auditory processing disorder or the inability to comprehend or respond to information.

14 (ECF No. 71.)  While the Court takes Plaintiff's reported suicide attempts seriously, there is no

15 competent evidence before the Court to support Plaintiff's claim.[1]  Further, there is no indication

16 that Plaintiff has been unable to understand the Court's orders or to prosecute this action.  In

17 sum, the Court does not presently find the required exceptional circumstances.  Id.  However,

18 given the serious nature of Plaintiff's allegations, he is not precluded from renewing his motion

19 for the appointment of counsel provided that he supports his motion with current mental health

20 records.

21 **III.    Motion to Strike**

22     The caption of Plaintiff's moving papers seeks to strike Defendant's opposition to

23 Plaintiff's motion for appointment of counsel and the supporting declaration of W. Donahue,

24 which were filed on May 29, 2014.  However, in his moving papers, Plaintiff requests that the

25 Court strike Defendants' motions, along with the declaration of W. Donahue.  The Court

26 declines to construe the motion as one to strike Defendant's pending motions to compel and to

27
28

---

[1] On July 9, 2014, Plaintiff filed a notice to inform the Court that he was in a mental health crisis bed pending transfer to an I.C.F. Intermediate Health Care Facility.  (ECF No. 78.)  Plaintiff has not provided the Court with a new address and has not provided supporting documentation regarding his placement.

modify scheduling order because these motions were filed after Plaintiff's request to strike. (ECF Nos. 73, 75, 77.)  Therefore, the Court will consider Plaintiff's instant motion as one to strike Defendant's opposition to the motion for appointment of counsel filed on May 29, 2014, along with the supporting declaration of W. Donahue.  (ECF Nos. 70, 70-2.)

In requesting that the Court strike the opposition and declaration, Plaintiff submits various objections to the opposition and declaration of W. Donahue.  Chiefly, Plaintiff seeks to discredit W. Donahue by asserting that this teacher cannot attest to Plaintiff's mental condition, he is biased, he instructs students on how to manipulate the GED by eliminating incorrect answers on multiple choice questions and he is not a doctor.  (ECF No. 73, pp. 2-3.)

"Motions to strike are disfavored and infrequently granted," Neveu v. City of Fresno, 392 F.Supp.2d 1159, 1170 (E.D. Cal. 2005).  In this case, the Court is capable of determining the relevancy of the evidence submitted, including assertions in the moving papers and statements in the supporting declarations, and Plaintiff's disagreement with that evidence does not justify striking the opposition and declaration in their entirety.  Accordingly, Plaintiff's motion to strike shall be denied.

## IV.    Conclusion and Order

Based on the above, IT IS HEREBY ORDERED as follows:

1.  Plaintiff's motion for the appointment of voluntary counsel, filed on June 18, 2014, is HEREBY DENIED without prejudice;

2.  Plaintiff's motion to strike Defendant's opposition and the declaration of W. Donahue is DENIED; and

3.  Plaintiff shall file an opposition or statement of opposition to Defendants' pending motion to compel discovery responses and motion to modify the scheduling order within twenty-one (21) days following service of this order.

IT IS SO ORDERED.

Dated:   __July 31, 2014__          ___/s/ Barbara A. McAuliffe___
                                        UNITED STATES MAGISTRATE JUDGE

4.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28