# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE WELLS,<br><br>      Plaintiff,<br><br>  v.<br><br>T. CAGLE, et al.,<br><br>      Defendants. | 1:11-cv-1550-LJO-BAM (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO STAY ACTION<br>(ECF No. 81)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR THE APPOINTMENT OF COUNSEL WITHOUT PREJUDICE<br>(ECF Nos. 96, 98)<br><br>ORDER DENYING DEFENDANTS' MOTIONS TO COMPEL AND MOTIONS TO MODIFY THE DISCOVERY AND SCHEDULING ORDER WITHOUT PREJUDICE<br>(ECF Nos. 75, 77, 90)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO REPLY AS MOOT (ECF No. 94) |

**I.      Procedural Background**

Plaintiff Andre Wells ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 29, 2011.  This action proceeds on Plaintiff's claims against Defendants T. Cagle and R. Perez for violations of the Eighth Amendment.

On June 18, 2014, Plaintiff filed a motion for the appointment of counsel.  (ECF No. 73.)

1

On July 3, 2014, Defendants filed a motion to compel Plaintiff's responses to Defendants' Interrogatories, Set One. (ECF No. 75.) On July 8, 2014, Defendants filed a motion to modify the scheduling order to extend the deadlines for discovery and dispositive motions by 120 days. (ECF No. 77.)

On August 1, 2014, the Court denied Plaintiff's motion for appointment of counsel without prejudice and directed Plaintiff to file a response to Defendants' pending motions to compel discovery responses and to modify the scheduling order. (ECF No. 80.)

On August 8, 2014, Plaintiff filed a motion requesting a stay of this action or, in the alternative, appointment of counsel. Plaintiff explained that he was at the Department of Mental Health and would be transferred to an intermediate care facility ("ICF"). Plaintiff also reported that he did not have access to a law library and he had received only a crayon for writing. He asked the Court to put this case on hold for the year he will be at the ICF or to appoint him counsel. (ECF No. 81.)

On August 12, 2014, the Court directed Defendants to file a response to Plaintiff's motion for stay or appointment of counsel. (ECF No. 82.)

Following an extension of time, Defendants filed an opposition to the motion to stay. Defendants argued that Plaintiff's claim that his status as an inmate-patient prevented him from litigating this case lacked merit. Defendants reported that Plaintiff had been placed in a mental health crisis bed on or about June 1, 2014, and released from crisis bed on June 4, 2014. Plaintiff again was admitted to a crisis bed on June 21, 2014, and on June 30, 2014, he was referred to DSH-Vacaville. Plaintiff was admitted to DSH-Vacaville on July 16, 2014, and placed in the Acute Psychiatric Program. At DSH-Vacaville, Plaintiff had access to pen fillers for writing in the dayroom, could obtain law library materials through the paging system and could request assistance from a correctional counselor with respect to obtaining access to his legal materials. (ECF No. 87.)

On September 18, 2014, Defendants filed a motion to compel Plaintiff's deposition and for sanctions. Defendants asserted that Plaintiff appeared at his deposition on July 21, 2014, but

was not cooperative, claiming that he did not have his legal papers and was not prepared to proceed with his deposition. Defendants also asserted that Plaintiff refused to appear for his rescheduled deposition on August 27, 2014. (ECF No. 90.)

On November 7, 2014, Plaintiff filed a motion requesting an extension of time to file a reply to Defendants' reply. (ECF No. 94.)

On November 20, 2014, Plaintiff filed a renewed motion for the appointment of counsel. Plaintiff reported that he had been transferred to an ICF in Stockton, California, but that his situation had worsened. Plaintiff again asserted a lack of law library access and a lack of supplies. Plaintiff also claimed that he had not been provided with documents. Plaintiff further asserted that he had been unable to focus on treatment, felt hopeless and overwhelmed, thought of suicide, and experienced symptoms of a bipolar disorder. (ECF No. 96.)

On November 25, 2014, Plaintiff filed a motion requesting a ruling on his motion for the appointment of counsel. Plaintiff asserted that he was in a worse condition, but provided no supporting information. (ECF No. 97.)

**II.     Plaintiff's Motion for Stay**

Plaintiff has requested a stay of this action or, in the alternative, the appointment of counsel. The district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997) (citing Landis v. North American Co., 299 U.S. 248, 254 (1936)). The party seeking the stay bears the burden of establishing the need to stay the action. Clinton, 520 U.S. at 708.

Although Plaintiff's reported difficulties in obtaining law library access, pens and other supplies are not sufficient to warrant either a stay or the appointment of counsel, Plaintiff has had documented mental health issues since at least June 2014. The serious nature of Plaintiff's mental health issues, which have been reported by Defendants to include repeated placement in a crisis bed and placement in an Acute Psychiatric Program, support a stay. Further, Plaintiff's mental health has hampered discovery and delayed prosecution of this action. The Court finds a short-term stay of ninety (90) days will allow Plaintiff an opportunity to gather materials, secure

3

his legal documents, and marshal evidence of his mental status if he intends to renew his motion for the appointment of counsel.  The brief stay will not prejudice Defendants as this action cannot move forward with Plaintiff's mental status at issue.  At the end of the ninety-day period, the parties will be required to submit written status reports regarding Plaintiff's mental health and ability to prosecute this action.  To that end, Plaintiff shall submit information regarding his efforts to obtain his needed legal materials during the ninety-day period.

### III.     Pending Motions

In light of the stay, Plaintiff's pending motions for the appointment of counsel shall be denied without prejudice.  As necessary and appropriate, Plaintiff may renew his motion for the appointment of counsel at the conclusion of the ninety-day stay.  Any such motion must be supported by documented evidence of Plaintiff's current mental status and functioning.

Due to the stay, Defendants' pending motions to compel and motion to modify the scheduling order also shall be denied without prejudice.  Following the submission of status reports, the Court will issue an amended scheduling order setting forth deadlines for the completion of discovery and the filing of dispositive motions.  If needed, Defendants may renew their motions to compel.  As a final matter, Plaintiff's requested an extension of time to file a reply to Defendants' reply shall be denied.  This request is now moot.

### IV.     Conclusion and Order

For the reasons stated, it is HEREBY ORDERED as follows:

1. Plaintiff's motion for a stay of this action, filed on August 8, 2014, is GRANTED;
2. This action is stayed for a period of ninety (90) days from the date of this order;
3. On or before March 20, 2015, the parties shall filed status reports regarding Plaintiff's mental health status and ability to prosecute this action.  Additionally, Plaintiff shall provide information regarding his efforts to secure necessary legal materials;
4. Plaintiff's motions for the appointment of counsel are DENIED WITHOUT PREJUDICE.  Plaintiff may renew his motion for the appointment of counsel, with evidentiary support, at the conclusion of the ninety (90) day stay;

5. Defendants' motions to compel discovery and motion to modify the scheduling order are DENIED WITHOUT PREJUDICE; and

6. Plaintiff's motion for an extension of time to file a reply to Defendants' reply is DENIED AS MOOT.

IT IS SO ORDERED.

Dated:   **December 19, 2014**              /s/ Barbara A. McAuliffe
                                                       UNITED STATES MAGISTRATE JUDGE