# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANDRE WELLS, | ) | 1:11-cv-1550-LJO-BAM (PC) |
| Plaintiff, | ) ) ) | ORDER DENYING PLAINTIFF'S MOTION FOR DISCOVERY SANCTIONS |
| v. | ) ) | (Doc. 60) |
| T. CAGLE, et al., | ) ) | |
| Defendants. | ) ) ) | |

Plaintiff Andre Wells ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 29, 2011. This action proceeds on Plaintiff's claims against Defendants T. Cagle and R. Perez for violations of the Eighth Amendment.

On April 23, 2014, Plaintiff filed the instant motion for sanctions due to Defendants purported "refusal to [a]bide by discovery rules and the duty to disclose." (Doc. 60). Defendants opposed the motion on May 16, 2014. (Doc. 68).

On December 19, 2014, the Court granted a 90-day stay in this action to allow Plaintiff an opportunity to gather materials, secure his legal documents, and marshal evidence of his mental status for any renewed motion for the appointment of counsel. (Doc. 100). By operation of the Court's order, the stay has been lifted and the motion for sanctions is deemed submitted.

1

Local Rule 230(l). For the reasons discussed below, Plaintiff's motion for discovery sanctions shall be denied.

Federal Rule of Civil Procedure 37 authorizes sanctions for the failure to comply with a discovery order. Fed. R. Civ. P. 37(b)(2). However, Plaintiff's moving papers do not identify any discovery order that Defendants have failed to heed. In the absence of noncompliance, there is no basis to award sanctions.

To the extent Plaintiff seeks to compel discovery responses, Plaintiff also has failed to identify the relevant disclosures or discovery responses at issue. Although Plaintiff generally references interrogatories, requests for admissions and requests for the production of documents, this is not sufficient. The Court cannot ascertain whether Plaintiff asserts that Defendants failed to provide disclosures or discovery responses or if Plaintiff is merely challenging Defendants' responses to discovery. In the absence of this information, the Court cannot compel disclosure or direct further discovery responses. *See*, *e.g.*, *Price v. Cunningham*, 1:08-cv-00425-AWI-BAM, 2012 WL 5308337, at *1 (E.D. Cal. Oct. 29, 2012) ("If Defendants object to one of Plaintiff's discovery requests, it is Plaintiff's burden on his motion to compel to demonstrate why the objection is not justified. In general, Plaintiff must inform the Court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the Court why the information sought is relevant and why Defendants' objections are not meritorious.").

For these reasons, Plaintiff's motion for discovery sanctions is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **March 31, 2016**           /s/ Barbara A. McAuliffe
                                      UNITED STATES MAGISTRATE JUDGE