# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE WELLS,<br><br>                 Plaintiff,<br><br>    v.<br><br>CAGLE, et al.,<br><br>                 Defendants. | Case No. 1:11-cv-01550-LJO-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS TO APPOINT COUNSEL<br>(ECF Nos. 139, 143, 144, 149)<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR TERMINATING SANCTIONS<br>(ECF No. 128)<br><br>ORDER DENYING MOTION TO MODIFY DEFENDANTS' DEADLINES IN THE SCHEDULING ORDER AS MOOT<br>(ECF No. 134)<br><br>ORDER DENYING DEFENDANTS' MOTIONS TO STRIKE PLAINTIFF'S UNAUTHORIZED SUR-REPLIES AND GRANTING PLAINTIFF'S MOTION TO ACCEPT PLAINTIFF'S SUR-REPLY<br>(ECF Nos. 137, 139, 142)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS MOOT<br>(ECF No. 141)<br><br>ORDER GRANTING PLAINTIFF'S MOTIONS TO CLARIFY AND FOR STATUS UPDATE<br>(ECF Nos. 153, 154) |

**I.    Background**

Plaintiff Andre Wells ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on

1

Plaintiff's Eighth Amendment claims against Defendant T. Cagle for excessive force and against Defendant R. Perez for failure to intervene.

### A. Relevant Procedural History

Following the screening of Plaintiff's first amended complaint, discovery was opened in this action on August 20, 2013. (ECF No. 33.) Defendants have since unsuccessfully attempted to take Plaintiff's deposition four times. (Declaration of Arthur B. Mark III, ECF No. 128-2, ¶ 2.)

Defendants first noticed Plaintiff's deposition on March 6, 2014. (Mark Decl., Ex. A.) On April 4, 2014, the Court granted Plaintiff a postponement of his deposition pending resolution of his request for appointment of counsel, and directed the parties to file supplemental information regarding Plaintiff's current mental functioning and psychological condition. (ECF No. 57.) Based on the supplemental health records submitted by Plaintiff and information submitted by Defendants regarding Plaintiff's GED classes, the Court denied Plaintiff's motion for counsel on June 17, 2014. (ECF No. 71.)

Defendants served a second notice of deposition on June 18, 2014. (Mark Decl., ¶ 3, Ex. B.) Plaintiff appeared, but stated that he had not received the notice of deposition and was not prepared to proceed. (Mark Decl. ¶ 4, Ex. C.) Defendants' counsel noticed Plaintiff's deposition a third time on August 8, 2014. (Mark Decl., Ex. D.) Plaintiff did not provide advance notice to Defendants' counsel that he could not proceed. (Mark Decl. ¶ 5.) Defendants' counsel made two attempts to secure Plaintiff's appearance on the day of the deposition, but Plaintiff refused to appear. (Mark Decl. ¶ 5, Ex. E.)

On August 8, 2014, Plaintiff filed a motion requesting a stay of this action or, in the alternative, appointment of counsel, due to his imminent transfer to an intermediate care facility on the basis of his mental health status. (ECF No. 81.) Defendants filed an opposition, while Plaintiff filed a renewed motion for appointment of counsel and a motion requesting a ruling on his motion for appointment of counsel. (ECF Nos. 87, 96, 97.)

On December 19, 2014, the Court granted Plaintiff's request for a stay of this action, finding that the serious nature of Plaintiff's mental health issues, including repeated placement in a crisis bed and in an Acute Psychiatric Program, supported a stay. (ECF No. 100.) The action

was stayed for 90 days to allow Plaintiff an opportunity to gather materials, secure his legal documents, and marshal evidence of his mental status for any renewed motion for the appointment of counsel, and the parties were directed to submit written status reports regarding Plaintiff's mental health and ability to prosecute this action. (Id.)

On March 18, 2015, Plaintiff renewed his motion for the appointment of counsel. In support, Plaintiff submitted a letter from his psychiatrist, Dr. Sanmukan Surulinathan of DSH-Stockton. (ECF No. 107.) On March 20, 2015, Defendants filed a status report regarding Plaintiff's mental health status and ability to prosecute this action, also relying on Dr. Surulinathan's report. (ECF No. 108.) Plaintiff also filed numerous motions requesting judicial notice, (ECF Nos. 103, 116, 122), subpoenas, (ECF Nos. 102, 104, 119), sanctions, (ECF Nos. 107, 122), and motions for counsel, (ECF Nos. 107, 109, 112, 117, 122). The Court ultimately denied all of Plaintiff's motions, including his requests for counsel, finding that Plaintiff's documented mental health issues have not precluded Plaintiff from a consistent ability to articulate his claims in this action. (ECF No. 125.)

Pursuant to the Court's amended scheduling order, Defendants' counsel served a fourth notice of deposition setting Plaintiff's deposition for May 13, 2016. (Mark Decl. ¶ 7, Ex. F.) Plaintiff did not provide advance notice that he was unwilling to proceed with his deposition, or that he did not intend to appear. (Mark Decl. ¶ 7.) Plaintiff again refused to appear for his deposition. (Mark Decl. ¶ 7, Ex. G.)

On May 19, 2016, Defendants filed a motion for terminating sanctions on the basis of Plaintiff's refusal to cooperate with his deposition and failure to prosecute. (ECF No. 128.) Following the Court's June 21, 2016 order directing Plaintiff to file a response to the motion, (ECF No. 130), Plaintiff filed an opposition on July 1, 2016, (ECF No. 131). Defendants filed a reply on July 8, 2016. (ECF No. 132.) Plaintiff filed a sur-reply, (ECF No. 136), and Defendants filed a motion to strike Plaintiff's unauthorized sur-reply, (ECF No. 137). Plaintiff filed a motion for the Court to accept Plaintiff's sur-reply together with a motion to appoint counsel on August 4, 2016. (ECF No. 139.)

///

On July 11, 2016, Defendants filed a motion to modify Defendants' deadlines in the scheduling order. (ECF No. 134.) Plaintiff filed an opposition on July 21, 2016, (ECF No. 135), and Defendants filed a reply on July 28, 2016, (ECF No. 138). Plaintiff filed a sur-reply, (ECF No. 140), and Defendants filed a motion to strike the sur-reply, (ECF No. 142). Plaintiff filed a response to Defendants' motion on August 22, 2016, together with a further motion to appoint counsel. (ECF No. 144.)

Plaintiff filed a motion for summary judgment on the pleadings on August 8, 2016, (ECF No. 141), and a further motion to appoint counsel on August 17, 2016, (ECF No. 143). Defendants filed an opposition to Plaintiff's motions for the Court to accept his sur-reply to Defendants' motion for terminating sanctions and further motions to appoint counsel on August 24, 2016, (ECF No. 145), and an opposition to Plaintiff's motion for summary judgment on August 29, 2016, (ECF No. 146.) Plaintiff filed replies on September 12, 2016. (ECF Nos. 147, 148.)

Plaintiff filed an addition to his pending motions for voluntary appointment of counsel, which was docketed as another motion to appoint counsel, on December 13, 2016. (ECF No. 149.) Defendants filed an opposition on December 16, 2016, and Plaintiff filed a reply on January 3, 2017. (ECF Nos. 150, 151.)

Also pending are Plaintiff's motions to clarify and request for a status update regarding his motions for appointment of counsel.[1] (ECF Nos. 153, 154.)

The above summarizes merely part of the proceedings in this case. The docket currently stands at 154 entries. While this case has been pending, the Court has postponed Plaintiff's deposition and stayed this action in order to address Plaintiff's mental health status on his ability to litigate this action and provide deposition testimony. In response to Plaintiff's repeated motions requesting appointment of counsel, (see ECF Nos. 18, 35, 55, 73, 81, 96, 97, 107, 116, 120, 122), the Court has consistently determined that Plaintiff's mental health status has not impeded his ability to present the merits of his claims without the assistance of counsel. Nevertheless, he has repeatedly refused to appear or cooperate with Defendants' attempts to take

---

[1] These motions are GRANTED, pursuant to the instant order.

his deposition, or to otherwise advance this matter toward disposition on the merits.

**II.     Discussion**

    **A.     Plaintiff's Motions to Appoint Counsel**

As Plaintiff has previously been informed, he does not have a constitutional right to appointed counsel in this action, <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn on other grounds, 154 F.3d 952, 954 n. 1 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. §1915(e)(1).  <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  <u>Rand</u>, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  <u>Id.</u> (internal quotation marks and citations omitted).

Plaintiff continues to assert as his primary justification for the appointment of counsel the limitations resulting from his documented mental health issues.  (ECF Nos. 139, 143, 144, 149.)  In addition, Plaintiff argues that the justice system is treating him unfairly, his case would have progressed more quickly with the appointment of counsel, and his incarceration limits his ability to litigate this action.  As discussed throughout this order, the Court has repeatedly addressed and dismissed these arguments.

Further, the Court has allowed Plaintiff several opportunities to submit supplemental evidence to support the asserted limitations imposed by his mental health status, and continues to find that Plaintiff's filings in this action do not substantiate such limitations.  As noted in the Court's most recent order regarding Plaintiff's motions to appoint counsel, Plaintiff's filings remain directed, coherent, and supported by relevant evidence.  (ECF No. 125.)  It is only Plaintiff's repeated refusal to participate in his deposition, as discussed below, that prevents this action from proceeding.

Thus, the Court does not find the exceptional circumstances necessary for the appointment of counsel at this time, and Plaintiff's motions shall be denied.

### B. Motion for Sanctions

Defendants move for terminating sanctions due to Plaintiff's failure to attend and cooperate in his deposition on three separate occasions. Defendants argue that even after the Court's determination that Plaintiff was able to provide deposition testimony and to litigate this case, Plaintiff repeatedly refused to appear at his duly noticed deposition. Defendants contend that Plaintiff's repeated failures to appear constitute the willful non-compliance needed for a dismissal pursuant to Federal Rule of Civil Procedure 37(b)(2). (ECF No. 128-1.)

In opposition, Plaintiff reasserts the limitations imposed by his mental health, and contends that it is an undue burden for the Court to expect him to adequately conduct discovery given his severe anxiety and other mental health issues. Plaintiff argues that he is in no condition to be deposed, and if he had been appointed counsel years ago, this case would have been resolved. (ECF No. 131.)

In reply, Defendants reiterate that Plaintiff relies only on his *pro se* status and mental health to justify his refusal to provide deposition testimony, and that his opposition makes clear that he has no intention of cooperating with his deposition. In addition, Defendants argue that Plaintiff is attempting to manipulate the discovery process, prolong this litigation, and use his failure to cooperate as leverage for repeatedly seeking appointment of pro bono counsel. (ECF No. 132.)

In his sur-reply, Plaintiff argues that Defendants have mischaracterized the facts in this matter.[2] Plaintiff states that the first time Defendants' counsel attempted to depose him, he did not have his legal property and had nothing but a crayon to write to the courts, and that he had not slept for three days prior to the most recent deposition attempt. Plaintiff reiterates that his mental health symptoms affect his ability to conduct discovery and adequately present his case, and the case would have resolved years ago had he been appointed counsel. Plaintiff further states that he

---

[2] Defendants' request to strike, (ECF No. 137), is HEREBY DENIED. The Court considered the substance of Plaintiff's sur-reply in reaching its determination.

6

will not "continue allowing c/o's to assault [him] and do nothing. If this process proves to be futile then yes I will resort to violence to protect my self!"[3]  (ECF No. 136.)

**C.     Legal Standard**

On motion, the Court may order sanctions against a party for failure, after being served with proper notice, to appear for that person's deposition.  Fed. R. Civ. P. 37(d)(1)(A)(i).  Such sanctions may include prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence.  Fed. R. Civ. P. 37(b)(2)(A).  The Court also may dismiss the action or proceeding in whole or in part.  Id. Dismissal and default are such drastic remedies, they may be ordered only in extreme circumstances—i.e., willful disobedience or bad faith.  In re Exxon Valdez, 102 F.3d 429, 432 (9th Cir. 1996).  Even a single willful violation may suffice depending on the circumstances. Valley Eng'rs Inc. v. Elec. Eng'g Co., 158 F.3d 1051, 1056 (9th Cir. 1998) (dishonest concealment of critical evidence justified dismissal).

Additionally, District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." Thompson v. Hous. Auth., 782 F.2d 829, 831 (9th Cir. 1986).  Terminating sanctions may be warranted where "discovery violations threaten to interfere with the rightful decision of the case." Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1097 (9th Cir. 2007).

**D.     The Court Finds Plaintiff's Non-Compliance Has Been Willful**

**1.     Plaintiff's Repeated Refusal to Appear for His Deposition**

This action has been pending since July 2011, and Plaintiff shows little interest in advancing this litigation in the absence of appointment of pro bono counsel or fulfilling his discovery obligations.  The original discovery period in this action opened in 2013.  (ECF No. 33.)  Defendants have noticed Plaintiff's deposition four times, and Plaintiff has failed to appear or cooperate on three occasions, without advance notice.  (Mark Decl., ¶¶ 2–7.)  Instead, Plaintiff has filed numerous motions to stay this action and for appointment of counsel, asserting

---

[3] To the extent Plaintiff asserts in his filings that he will resort to violence should the Court rule against him in this litigation, Plaintiff is admonished that any similar behavior in the future will result in sanctions being levied upon him. Such sanctions may include monetary sanctions, striking a motion or pleading, or dismissal of the entire action.

7

repeatedly that he is unable to proceed in this litigation absent the appointment of counsel. (See ECF Nos. 18, 35, 55, 73, 81, 96, 97, 107, 116, 120, 122, 139, 143, 144, 149, 154.) Plaintiff has continued to file such motions even after the Court's determination that Plaintiff was able to provide deposition testimony and litigate this action without the assistance of counsel.

Plaintiff's discovery obligation under the Federal Rules of Civil Procedure does not permit him to abdicate his responsibility to appear for a properly noticed deposition. In addition, Plaintiff's pro se status does not excuse intentional non-compliance with discovery rules and court orders. See Lindstedt v. City of Granby, 238 F.3d 933, 937 (8th Cir. 2000) (affirming sanction of dismissal, holding that "[a] pro se litigant is bound by the litigation rules as is a lawyer, particularly here with the fulfilling of simple requirements of discovery); see also Warren v. Guelker, 29 F.3d 1386, 1390 (9th Cir. 1994) (holding that district court could not decline to impose any sanction for violation of Fed. R. Civ. P. 11 simply because plaintiff was proceeding pro se).

Plaintiff has known since 2014 that he would be required to appear and cooperate in a deposition. Plaintiff's deposition was noticed on four separate occasions—March 6, 2014; June 18, 2014; August 8, 2014; and April 11, 2016—yet Plaintiff repeatedly refused to appear or cooperate. Although the Court denied Defendants' motion to compel Plaintiff's deposition, it did so without prejudice, and ultimately found that Plaintiff's mental health did not preclude him from litigating this action and participating in discovery accordingly. (ECF Nos. 100, 125.) Nevertheless, Plaintiff again refused to submit to examination by deposition, constituting willful discovery disobedience warranting terminating sanctions. See Henry v. Gill Indus., Inc., 983 F.2d 943, 946 (9th Cir. 1993).

**2. The Court Has Considered and Rejected Plaintiff's Objections to Attending his Deposition**

Throughout this action, Plaintiff has filed more than a dozen motions for appointment of counsel asserting that he is unable to litigate this action or conduct discovery without representation. However, the Court has addressed these contentions and repeatedly found that Plaintiff's pro se status, incarceration, and documented mental health issues do not constitute the

exceptional circumstances necessary for the appointment of counsel. (ECF Nos. 22, 36, 71, 80, 100, 125.)

Moreover, the Court has previously granted Plaintiff a postponement of his deposition as well as a stay of this action, in order to specifically address his current mental health status. On both occasions, the Court considered supplemental information submitted by both parties, and concluded that Plaintiff's mental health issues did not prevent him from articulating his claims and presenting directed and coherent filings. (ECF Nos. 71, 125.) Following both of those orders, Defendants' counsel duly re-noticed Plaintiff's deposition, Plaintiff gave no indication that he would not appear, yet Plaintiff failed to appear or cooperate.

Furthermore, the extensive docket in this action belies Plaintiff's assertions that he is unable to advance this case without the assistance of counsel. In spite of his documented mental health limitations, Plaintiff has continued to file numerous motions presenting cogent arguments and relevant evidence demonstrating his understanding of the issues at hand. The Court does not find that Plaintiff's renewed motions for appointment of counsel have presented any new information or circumstances that would excuse his subsequent failures to participate in his deposition. On the contrary, Plaintiff continues to file coherent and directed motions articulating his position.

Plaintiff may not continue to delay the progress of this action by refusing to cooperate in discovery in the hopes that he will eventually be appointed counsel, after the Court has repeatedly informed him that his situation does not present the exceptional circumstances necessary for the appointment of pro bono counsel. The Court finds that Plaintiff's unjustified failure to participate in discovery in response to his failure to obtain counsel constitutes willful and bad faith disregard for the discovery process.

### E. Terminating Sanctions are Appropriate

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779

F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988). The amount of prejudice resulting from the discovery violations and the availability of less drastic sanctions are said to be "key factors." Wanderer v. Johnston, 910 F2d 652, 656 (9th Cir. 1990).

Here, the first two factors, the public's interest in expeditious resolution of litigation and the Court's need to manage its docket, weigh in favor of dismissal. See Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal."). This case has been pending since 2011. It has more than 150 docket entries in what should be a relatively straightforward excessive force and failure to intervene claim. But even with so many docket entries, the case is mired in a longstanding discovery dispute which should have been resolved by Plaintiff's participation in his duly noticed deposition.

Defendants are entitled to know the facts upon which Plaintiff bases his claims. Since nearly the inception, Plaintiff has consistently failed to advance his case, and instead, has engaged in dilatory and evasive tactics, including numerous and duplicative requests for appointment of counsel. This case has become an undue consumption and waste of limited judicial resources to manage and address Plaintiff's filings.

This Court has not lost sight of the strong interest in resolving cases on the merits. But even this strong interest in deciding cases on the merits cannot override a litigant's conduct in refusing to participate in the discovery process, insisting on multiplying the proceedings, and wasting judicial resources. As detailed throughout these findings and recommendations, and as is located throughout the docket in the case, the Court has devoted inordinate amounts of time to deal with what should be limited-in-scope claims.

The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal. There is a rebuttable presumption of prejudice to a defendant that arises when a plaintiff unreasonably delays litigation. In re Eisen, 31 F.3d 1447, 1452–53 (9th Cir. 1994). "To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Malone v. U.S. Postal Serv., 833 F.2d 128, 131 (9th Cir. 1987).

The risk of prejudice is considered in relation to plaintiff's reason for defaulting. Id. (citing Yourish v. Cal. Amplifier, 191 F.3d 983, 991 (9th Cir. 1999)).

Plaintiff's refusal to participate in his deposition substantially hinders Defendants' ability to investigate and defend against his allegations, particularly in light of the time that has elapsed since the events in this case transpired. Now, seven years into this case and four years since first requested, Defendants are no further along in learning the evidence which supports Plaintiff's claims than when the case was filed. A deposition is necessary for Defendants to question Plaintiff with respect to the events alleged in the complaint, the circumstances surrounding the events alleged in the complaint, any injuries received, and what damages he is claiming. As a result of Plaintiff's conduct, Defendants have been forced to expend time and resources attempting to secure his cooperation by filing motions (including the instant Motion for Sanctions) and responding to Plaintiff's copious motions. The inability to fully defend the case or to move forward with any potential dispositive motions, coupled with the delay, is prejudicial to Defendants.

The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. When a case has stalled or is unreasonably delayed by a party's failure to comply with discovery obligations, the case cannot move toward resolution on the merits. Thus, the fourth factor—public policy favoring disposition of cases on their merits—is not compelling when it is thwarted by the Plaintiff's dilatory and evasive conduct.

Finally, the Court considered lesser sanctions, but no lesser sanction is warranted. Evidentiary sanctions would be ineffective, as Plaintiff would still be able to testify to information that he has withheld and the Court would have no practical way of excluding such testimony. Monetary sanctions are worthless because of Plaintiff's *in forma pauperis* status. He would likely be unable to pay any monetary sanctions, making such sanctions of little use. Given Plaintiff's repeated and willful failures to cooperate with his deposition, and his stated unwillingness to proceed in this action without the appointment of counsel, the Court finds that a lesser sanction, such as an order compelling Plaintiff's deposition attendance and resetting of

11

dates, would be futile and serve only to further delay the advancement of this litigation and compound the prejudice to Defendants.

Thus, the Court finds that there are no other, lesser sanctions that would be satisfactory or effective. The Ninth Circuit has explained that "[a] district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir.1986). Here, Plaintiff's deposition was first noticed in 2014, then re-noticed on three later dates, yet Plaintiff has remained uncooperative. Given the numerous attempts Defendants have made to take Plaintiff's deposition, Plaintiff's insistence on filing numerous and repetitive motions in a manner that demonstrates an intention to delay this action until he is appointed counsel, and the substantial prejudice to Defendants, the Court finds that lesser sanctions would be ineffective and insufficient to address Plaintiff's willful behavior and bad faith.

Finally, Rule 37 requires "the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). As noted previously, Plaintiff is proceeding *in forma pauperis* in this action, which makes it unlikely that he would be able to pay any monetary sanction. Thus, the imposition of such a sanction would be unjust, and no monetary sanctions will be issued.

### III. Conclusion and Order

Accordingly, the Court HEREBY ORDERS as follows:

1. Plaintiff's motions to appoint counsel, (ECF Nos. 139, 143, 144, 149), are DENIED, without prejudice;
2. Defendants' motion for terminating sanctions, (ECF No. 128), is GRANTED and this action is DISMISSED, with prejudice, due to Plaintiff's repeated refusal to attend and cooperate in his deposition and failure to prosecute. See Fed. R. Civ. P. 37(d)(1)(A)(i); Fed. R. Civ. P. 41(b); L.R. 110;
3. Defendants' motion to modify Defendants' deadlines in the scheduling order, (ECF No. 134), is DENIED as moot;

4. Defendants' motion to strike Plaintiff's unauthorized sur-reply, (ECF No. 137), is DENIED;
5. Plaintiff's motion to accept Plaintiff's sur-reply, (ECF No. 139), is GRANTED;
6. Defendants' motion to strike Plaintiff's unauthorized sur-reply, (ECF No. 142), is DENIED, as moot;
7. Plaintiff's motion for summary judgment, (ECF No. 141), is DENIED as moot;
8. Plaintiff's motions to clarify and for status update, (ECF Nos. 153, 154), are GRANTED;
9. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **April 4, 2018**           /s/ Lawrence J. O'Neill
                                                                UNITED STATES CHIEF DISTRICT JUDGE